Wright, J.
Brophy & Casey, of the city of Toledo, were contractors, and brought this action to recover an assessment for paving a portion of a street. Various objections were made to such recovery, but only one need be considered. That one raises this question : Was the improvement in question recommended to the city council' of Toledo by the board of city improvements, as required by the statute (S. & C. 1526), which is as follows :
'“In all cities of the first class,where.there shall be a board of city improvements, no improvement or repair in relation to a street, sewer, or bridge shall be ordered or directed by the city council, except on the report and recommendation of the said board.”
The law constituting the board of improvements (2 S. & C. 1518, sec. 75) is in these words:
“ That on the first Monday of April next there shall be elected three commissioners; the person having the highest number of votes cast to hold his office for the term of three years ; the person having the next highest number to hold his office for the term of two years, and the person having the next highest number to hold his office for the term of one year, and thereafter one shall be elected annually, who shall continue in office for the term of three years, and until his successor is elected and qualified.
“ It shall be the duty of the city commissioners to enforce the ordinances of the city, to superintend the cleaning and improvement and lighting of the streets, lanes, alleys, market spaces, commons, bridges, sewers, and landings of the city, and perform such other duties as the council may by ordinance prescribe; they shall, with the mayor of said city and the city civil engineer, constitute the board of city improvements, and receive such compensation for their *544 services as the city council may determine; the board of city improvements shall exercise such power and perform such duties in the superintendence and construction of public works, constructed by authority of the city council, or owned by the city, as the said council may from time to time prescribe.”
The action of the board of city improvements under consideration was this: Three persons — the mayor, city civil engineer, and one of the city commissioners — met and took action in the matter of recommending the proposed impi’ovement. The mayor and civil engineer voted to recommend ; the city commissioner voted against the recommendation, and upon this the city council ordered the improvement. The question to be determined is, was this such a recommendation as the statute requires?
Plaintiff in error, in behalf of the contractors, insists that this was a proper recommendation, arguing that the board was composed of five persons — the mayor, engineer, and three commissioners; that a majority constituted a quorum, and were competent to act; that this quorum, meeting for business, a majority of that quorum would act for the whole. In other words, that the vote of two was sufficient for all purposes.
As a general rule, with regard to corporations, it is true that a majority of the corporate number is a quorum, and the majority of that quorum may do business, but it is by no means certain that the board of improvements of cities is governed by the same rule.
This board has very important duties to discharge, inasmuch as upon its approval depend all the vast and expensive improvements of cities, the cost of which is to be borne by the tax-payers. No more responsible position can be held; and the experience of municipal governments has shown that, with all the safeguards that can be thrown around the making of contracts and laying of assessments, opportunity still appears to exist of creating public debt to an extent that is fast becoming onerous. The legislature, therefore, has wisely determined that the guardianship of *545 these grave interests should be reposed in some body that would give due consideration to the questions upon which' it was called to pass.
The statute creates the board of three commissioners. Care was taken that one should be chosen for one year, one for two, and one for three years, and thereafter one was elected every year. The duties of this board are by no means insignificant, and the peculiar mode of their election would seem to indicate a desire to be particular in the choice of men. The statute then says of these officers: “ They shall, with the mayor of said city and the city civil engineer, constitute the board of city improvements.”
This language imports that this board of commissioners were to call into their councils some other elements, for the purpose of making up the board of improvements. The law does not say that these five persons, as five units, shall be the board, leaving it to be inferred that any three may meet, a majority of whom may act. It certainly was not the intention of the law that two should be competent to perform duties which the law had in this peculiar way imposed upon five. We must ascertain, as near as may be, what the intention of the legislature was.
They first compose a board of three persons. If we apply the common law rule of quorum, certainly one member of that board can do no official act. The law says “they shall,” with the mayor and civil engineer, constitute the board of improvements. The plural here used, must have its meaning. “ They ” does not mean one, and when a single commissioner meets with the mayor and civil engineer, it can not be said that the board of commissioners is present. If the three elements of the board of improvements convened, the mayor and civil engineer and board of commissioners, it may be that a majority of those three elements can act in making the necessary recommendation, but these conditions are not satisfied, when only one of a board of three convenes. In the case of Reynolds and Ahren v. Schweinfus, 27 Ohio St. 316, this question was not mooted, *546 but there the full board of commissioners met with the civil engineers; two of the constituent elements of the board of improvements met and acted.
"What shall be the number of votes necessary to a lawful recommendation, should be determihed, not by the laws 'ordinarily applicable to corporate bodies, and the rules of majority, but by the peculiar language of this statute, taken in connection with the important objects it was intended to accomplish.
If we hold that three is a quorum and two can act, we have these results. The three commissioners can convene, and entirely ignoring the mayor and civil engineer, may proceed to discharge the functions of the board of improvements by a vote even of two. This would be a practical nullification of that part of the law, which requires that the •mayor and civil engineer shall take part in the action required.
Or, again, the mayor and engineer may meet with one •commissioner. The mayor and engineer vote one way, the commissioner the other, as in this case, and if this pro-ceeding is a valid one, the board of commissioners is entirely ignored, and the recommendation is made, not only •without their co-operation, but actually against their views, as far as they were capable of expressing by the single ■member present. These considerations show that the ordinary rule of majorities does not apply in a case like the ¡present.
We do not now decide that it is impossible for three of this board to transact its business. But whatever number :is present at a meeting, in order to make a valid recommendation in the matter of public improvement, it is neces¡sary that there should be at least three votes in its favor.
The action, therefore, of the board, in the present instance, we can not consider any compliance with the fair meaning of the law.
The briefs of counsel for plaintiff in error discuss the -question of quorums at common law and the power of the majority, with great learning and ability. We do not dis *547 pute the views thus advanced, but do not think they apply to the peculiar constitution of this board, as organized by the statute.

Judgment of the district court is affirmed.